[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff has filed for a dissolution of her marriage with the defendant. Based upon the evidence presented, the court makes the following findings.
The plaintiff and the defendant married on September 3, 1972. The parties have continuously resided in the state of Connecticut for at least twelve months prior to the bringing of this action. The marriage has broken down irretrievably. During the course of the marriage, the parties had two children, Kathleen, who is nineteen years old, and Kasey, who is eighteen years old and currently in high school.
The plaintiff is forty-five years old. She returned to college and received her undergraduate degree from Southern Connecticut State University in 1989. The plaintiff is currently employed full time as a homemaker supervisor at a home care agency. She has worked in this field since 1992. She also has experience working as a seamstress. She presently earns a net weekly income of $417.
In May 1995, the plaintiff was diagnosed with breast cancer. In June, she underwent a radical mastectomy with reconstruction surgery. She also received chemotherapy.
The defendant is in good health. He is employed as a building maintenance supervisor for Yale University. His net weekly income is $868.
The plaintiff and the defendant are joint owners of the marital home located at 47 Dodge Avenue, in East Haven, Connecticut. The present fair market value of the property is approximately $135,000. The property is encumbered by a mortgage CT Page 1890 with a balance owing of approximately $29,000.
The plaintiff has a 401k plan through her place of employment in which she is presently 60% vested. The current value of her interest in the plan is $3,058. The defendant has a retirement annuity with a current value of $47,601.
The plaintiff claims that the defendant's insensitivity and callousness, especially during her illness, caused the breakdown of the marriage. The defendant asserts that the plaintiff lost interest in him and the family and began going out at night frequently during the week, often to sleep elsewhere. He believes that it was this behavior of the plaintiff that eventually led to the dissolution of the marriage. The evidence presented clearly showed that the parties grew apart and became estranged years prior to the bringing of this action. The court does not find that either party is singularly at fault for this unfortunate turn of events.
The defendant also asserted during trial his "suspicion" that the plaintiff diverted household funds for her own personal use. Although the plaintiff was not the most adept manager of the family's finances, evidence was not presented which established the defendant's misgivings.
On October 31, 1995, the court granted a mutual restraining order ordering the parties not to sell, encumber, transfer or otherwise alienate or dispose of any assets. In December of 1995, the defendant received an inheritance of approximately $9,000. The defendant in violation of the restraining order spent the entire amount. The plaintiff has appropriately asked the court to consider when dividing the assets the $9,000 which was available to the defendant.
In determining the orders contained herein, I have carefully considered all the relevant statutory criteria, including those contained in General Statutes § 46b-81 as they relate to the assignment of property and § 46b-82 as they relate to the award of alimony. The court enters the following orders:
1. The marriage is ordered dissolved on the grounds of irretrievable breakdown.
2. The defendant shall pay alimony to the defendant in the amount of $175 per week. Alimony shall terminate upon the death of CT Page 1891 either party, or remarriage or cohabitation by the plaintiff.
3. The plaintiff is awarded the entire insurance proceeds resulting from the destruction of the Hyundai automobile previously operated by her. The defendant is ordered to immediately execute whatever documents are necessary to allow the plaintiff to receive the insurance proceeds.
4. The defendant is awarded ownership of the 1987 Chevrolet van and the 1986 Ford Escort automobile.
5. The marital home located at 47 Dodge Avenue, East Haven, Connecticut shall be placed on the market and sold. The plaintiff and the defendant shall each receive one-half of the net proceeds after sale. Net proceeds are defined as the funds remaining after payment of the mortgages, including the home equity loan, and the usual and customary costs associated with a sale. The defendant shall be solely responsible for the payment of the mortgage and taxes on the property while he occupies the home. The plaintiff and the defendant shall share equally in the cost of any reasonable and necessary repairs to the home that exceed $500. The parties may within sixty days of the dissolution agree that one of them shall purchase the other's one-half interest in the property. If no such agreement is reached, the property shall be sold. The court shall retain jurisdiction over the sale of the property.
6. The plaintiff shall retain ownership of her 401K plan.
7. The plaintiff is awarded $26,000 of the TIAA/CREF retirement annuity held by the defendant. The plaintiff shall draft, if necessary, a Qualified Domestic Relation Order (QDRO) to effectuate this award. The draft shall be submitted to the defendant for his review and to the court for its approval. The court shall retain jurisdiction in order to enforce this provision.
8. The plaintiff and the defendant shall be equally responsible for the liability to Mastercard in the approximate amount of $5,300. The plaintiff shall be solely responsible for the liability to and Discover and to John and Nancy Badiali. The defendant shall be solely responsible for the education loan for Kathleen in the approximate amount of $5,000.
9. Each of the parties shall be responsible for paying his or her own counsel fees. CT Page 1892
10. The personal property shall be divided equally between the parties except that the plaintiff shall retain the equipment related to her work as a seamstress and the defendant shall retain the tools related to his work as a carpenter. If the parties cannot agree to division of personal property, the dispute shall be first submitted to the office of Family Relations for mediation and, if unsuccessful, to the court for resolution.
Jon M. Alander, Judge